UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR PATINO,<br><br>    Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 19-cv-02151-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 1 |

## I.     INTRODUCTION

Edgar Patino, an inmate at the Avenal State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion to appoint counsel and application to proceed *in forma pauperis* also are before the Court for consideration.

## II.     BACKGROUND

The petition and attachments thereto provide the following information. Mr. Patino was convicted in Alameda County Superior Court of assault by means of force likely to cause great bodily injury, making a criminal threat, and continuous sexual abuse of a child under age 14. In 2016, he was sentenced to a total of 17 years, eight months in prison.

Mr. Patino appealed. In 2018, the California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied his petition for review. He then filed this action.

## III.     DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

1 custody pursuant to the judgment of a State court only on the ground that he is in custody in
2 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A
3 district court considering an application for writ of habeas corpus shall "award the writ or issue an
4 order directing the respondent to show cause why the writ should not be granted, unless it appears
5 from the application that the applicant or person detained is not entitled thereto." 28 U.S.C.
6 § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or
7 conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d
8 490, 491 (9th Cir. 1990).

Mr. Patino asserts the following claims in his petition for writ of habeas corpus: (1) the jury instruction regarding the crime of continuous sexual abuse omitted the mental state required and thereby deprived him of his federal constitutional right to have a jury determine his guilt by proof beyond a reasonable doubt, *see* Docket No. 1 at 27; (2) the failure to instruct the jury on the lesser-included offense of committing a lewd act on a child deprived Mr. Patino of his federal constitutional rights to a fair trial and to have a jury determine his guilt by proof beyond a reasonable doubt, *see id.* at 31; (3) the admission of the "shower evidence regarding Doe's younger sister" deprived Mr. Patino of his federal constitutional right to due process, *id.* at 34; (4) the removal of a Juror B2 violated Mr. Patino's federal constitutional right to trial by an impartial jury, *id.* at 37; and (5) prosecutorial misconduct during closing argument deprived Mr. Patino of his federal constitutional right to a fair trial, *id.* at 41. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

Mr. Patino also alleges several state law claims in his petition. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The Supreme Court has repeatedly held that federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). The state law claims therefore are dismissed without leave to amend.

Mr. Patino has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines

that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. Mr. Patino states that he speaks Spanish, as evidenced by counsel's letters to him that are in Spanish, but the letters are in both Spanish and English and Mr. Patino has found an inmate in prison who can translate for him. More importantly, all the claims in the federal habeas petition were briefed on direct appeal by counsel representing Mr. Patino and the issues presented are not particularly complicated. For these reasons, Mr. Patino's request for appointment of counsel is **DENIED**. Docket No. 3.

## IV.   CONCLUSION

For the foregoing reasons,

1.   The petition states cognizable claims for federal habeas relief and warrants a response.

2.   The clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Petitioner.

3.   Respondent must file and serve upon Petitioner, on or before **October 18, 2019,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.   If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **November 15, 2019**.

5.   Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Petitioner is cautioned that he must include the case name and case number for this case

3

on any document he files in this case.

2. 6. The *in forma pauperis* application is **GRANTED**.  Docket No. 2.

3. 7. The request for appointment of counsel is **DENIED**.  Docket No. 3.

**IT IS SO ORDERED**.

Dated: August 1, 2019

_____
EDWARD M. CHEN
United States District Judge

4